IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBBIE DOWELL, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case No. 3:19-cv-105 |
| ) | Judge Richardson /Frensley |
| RYAN K. ZINKE, Acting Director ) | |
| Department of The Interior, et al. ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss Improper Party. Docket No. 14. Defendant has filed a Supporting Memorandum of Law. Docket No. 15. Plaintiff has filed a Response in Opposition. Docket No. 17. Defendant has filed a Reply. Docket No. 19. Plaintiff has filed a Sur-Reply. Docket No. 22. [1] For the reasons stated herein, the undersigned recommends that the Defendant's Motion be DENIED.

## BACKGROUND

The Defendant seeks dismissal of Marlene Kelley as a party defendant in this action on the grounds that she is an improper party. Docket No. 14. Specifically, the Defendant argues that the Court lacks subject matter jurisdiction as to Ms. Kelley under Fed. R. Civ. P. 12(b)(1). *Id.* Defendant asserts that because the Plaintiff brings suit under Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. §§ 2000e and 2000e-17, Americans with Disabilities Act of 1990, as codified, 42 U. S. C. §§ 12112 to 12117 and 5 U.S.C. § 2302, Prohibited Personnel Practices,

---

[1] Though generally leave of court must be sought prior to consideration of a Sur-Reply, the Court notes the Plaintiff in this matter is pro se and will consider the Sur-Reply in this instance. However, for future reference, any party seeking the consideration of a Sur-Reply should file a motion for leave of court establishing good cause to consider the pleading.

(Docket No. 1, p. 3) Ms. Kelley, who was a federal employee at all times relevant to the instant Complaint, is not a proper defendant. Docket No. 15.

Plaintiff responds that she is "not required to provide an all-inclusive list of broken laws in her Complaint." Docket No. 17, p. 1. She asserts that she has "pled defamation and intentional infliction of emotional distress," "state claims for which the Court may find Marlene Kelley personally liable." *Id.* Plaintiff asserts that "because the Court may find that she [Kelley] was acting outside the course and scope of employment when she retaliated, defamed, falsely accused, harassed and intentionally inflicted emotional distress upon the Plaintiff," Ms. Kelley has been named as a Defendant in her individual capacity. *Id.* at p. 2. In reply, Defendant acknowledges that Plaintiff's response indicates that "she is claiming defamation and intention infliction of emotional distress, state claims, against Marlene Kelley personally" for conduct outside the scope of her employment. Docket No. 19. Defendant argues however that "Ms. Kelley was at all times acting within the scope of her employment" and therefore any tort claims can be maintained only against the United States. *Id.*

Plaintiff's Sur-Reply accuses Defendant of mischaracterizing her assertions and that she is in fact alleging defamation against Ms. Kelley and intentional infliction of emotional distress against both the Defendant agency and Ms. Kelley personally. Docket No. 22.

**STANDARD OF REVIEW**

A party seeking to dismiss a claim pursuant to Rule 12(b)(1) may engage in either, (1) a facial attack to the complaint; or (2) a factual attack on the allegations averred in the pleadings. *See Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). A facial attack is a challenge to the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in the light most favorable to the nonmoving party. *See RMI*

2

*Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134-35 (6th Cir. 1996). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *see also, Ohio Nat'l Life,* 922 F.2d at 325.

In the case at bar, Defendant launches a factual attack on this Court's subject matter jurisdiction. Where the court considers a factual, rather than a facial, jurisdictional attack, it is free to weigh the evidence and resolve disputed questions of fact bearing on the court's jurisdiction. *See Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986); *Ohio Nat'l Life,* 922 F.2d at 325. The Sixth Circuit has cautioned, "a motion to dismiss under Fed. R. Civ. P. 12(b) - and in particular a motion citing a jurisdictional defect under Fed. R. Civ. P. 12(b)(1) - requires a preliminary hearing or hearing at trial to determine any disputed facts upon which the motion or the opposition to it is predicated." *Commodities Export Co. v. United States Customs Serv.,* 888 F.2d 431, 436 (6th Cir. 1989) (citations omitted).

The standard to be applied in determining whether a hearing is required is equivalent to that used under Fed. R. Civ. P. 56(c): that is, where genuine issues of material fact exist, they must be submitted to decision on the evidence. *Commodities*, 888 F.2d at 436, *citing Cook v. Providence Hosp.,* 820 F.2d 176, 178 (6th Cir. 1987). Only "where the facts are relatively simple, [and] substantially uncontroverted, and the law is not complex, is a district court justified in ruling on a motion under Fed. R. Civ. P. 12(b)(1) without pausing to make findings on disputed questions of fact." *Id.*, at 437, *citing Cook,* 820 F.2d at 178. When, as in the instant case, the facts are complicated and when resolution of the jurisdictional issue is intertwined with the merits of the case and largely depends on a better grasp of the facts, courts should either consider the motion as

3

one for summary judgment or allow a trial on the merits. *In re Taylor & Associates, L.P.,* 249 B.R. 431, 441 (E.D. Tenn. 1997), *citing Commodities,* 888 F.2d at 437-38 (citations omitted).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

**THE CASE AT BAR**

Plaintiff's Complaint alleges, that she suffered infliction of emotional distress, that "Marlene Kelley submitted false allegations" and seeks compensatory damages for defamation and emotional abuse. Docket No. 1, pp. 4-6. While the Defendant appears to acknowledge these state claims, they assert "Ms. Kelley was at all times acting within the scope of her employment."

4

Docket No. 19. Whether she was or was not is a question of fact. Further, based upon Plaintiff's response to the motion, that fact appears to be in dispute. Docket No. 17.

Unlike Defendants initial argument that because there is no personal liability under the federal statutes alleged in this action the Court lacks subject matter jurisdiction over Defendant Kelley, the state law claims of defamation and intentional infliction of emotional stress raise a different concern. While Defendants challenge the factual assertion that Ms. Kelley was not acting within the scope of her employment, that does not constitute a challenge to the Court's subject matter jurisdiction to be resolved under Fed. R. Civ. P. 12(b)(1). Rather, such a challenge appears more appropriately under Fed. R. Civ. P. 12(b)(6) as to whether or not Plaintiff has stated a claim upon which relief can be granted. However, under those circumstances, the Court must consider the facts as pled. Here, Defendants seem to acknowledge that Plaintiff alleges that Ms. Kelley may have been acting outside the scope of her employment as support for her defamation claim. Docket No. 19. Because the Court is required to take all of the facts alleged in the Complaint as correct for the purposes of resolving a motion to dismiss and whether Ms. Kelley was acting within the scope of her employment appears to be a disputed fact, the undersigned recommends that the Defendant's Motion to Dismiss Ms. Kelley as a party in this matter be DENIED.[2] Defendant has 30 days from the entry of this Order to file a responsive pleading to the Complaint.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said

---

[2] The Court does find that Ms. Kelley is not a proper party to Plaintiff's federal causes of action however, it does not appear that Plaintiff intends to assert those claims against Ms. Kelley individually.

objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**