IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBBIE DOWELL, ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | Case No. 3:19-cv-105 |
| ) | Judge Richardson /Frensley |
| DAVID BERNHARDT, Acting Director ) | |
| Department of The Interior, et al. ) | |
|    Defendants. ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is a document filed by the pro se Plaintiff titled "Plaintiff's Supplemental Pleading, Request for Restraining Order Against Marlene Kelley & Request to Subpoena Defendant's February 5, 2019, Map Room Computer Log Records." Docket No. 12. Defendant has filed a response. Docket No. 16. Plaintiff has filed a reply. Docket No. 18. For the reasons stated herein, the undersigned recommends that Plaintiff's supplement pleading be DENIED.

This is an employment discrimination action filed by the pro se Plaintiff filed against the Defendants alleging violation of Title VII of the Civil Rights Act of 1964, the American with Disabilities Act, and Prohibited Personnel Practices 5 U. S. C. § 2302. Docket No. 1. Plaintiff also alleged state law claims of defamation and intentional infliction of emotional distress against Defendant Kelley.

On February 19, 2019, Plaintiff filed the instant supplemental pleading in which she seeks to amend her Complaint to add allegations "as Count VII of the Complaint," request a restraining order against Marlene Kelley and seeks a subpoena for "map room computer log records." Docket No. 12.

The Defendant filed a response arguing that any supplemental pleadings to amend the complaint in this matter should be consistent with the requirements of Rule 15 of the Federal Rules of Civil Procedure and Defendants oppose her request to amend any allegations that have not been administratively exhausted. Docket No. 16. Defendants oppose Plaintiff's request for restraining order against Marlene Kelley on the grounds that Plaintiff has not established any criteria that would justify a restraining order under Fed. R. Civ. P. Rule 65 and that she cannot show immediate and irreparable injury requiring the issuance of a restraining order. *Id.* Finally, Defendants submit a request for subpoena for records is premature in that the Plaintiff could seek the requested information within the scope of allowable discovery. *Id.*

Plaintiff filed a reply in which she withdraws her request to amend the Complaint. Docket No. 18. With respect to her request for a restraining order Plaintiff contends that by providing Defendants notice of the request for restraining order and Defendants filing a response to the request for a restraining order they have been "allowed to defend against her allegations." Docket No. 18. She further argues that she has made a successful showing of a need for a restraining order based upon exhibits attached to her Complaint documenting what she asserts are "years of emotional abuse from the Defendant" and retaliation. *Id.* She argues that Defendants' assertion that she has not shown immediate and irreparable injury is conclusory, that her request for a restraining order is not unreasonable and that she has been the consistent target of false allegations, threats and other abuse which she can no longer endure. *Id.* With respect to the subpoena, Plaintiff indicates that she is not opposed to obtaining the requested information through discovery and "will respectfully withdraw her request for subpoena for the map room records and list of names.". *Id.*

Based upon the reply filed by Plaintiff in this matter the only remaining issue for the Court

2

Case 3:19-cv-00105   Document 28   Filed 04/24/19   Page 2 of 5 PageID #: 279

to resolve is her request for a restraining order. The moving party has the burden of proving that the circumstances "clearly demand" a TRO or a Preliminary Injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a preliminary injunction or TRO "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retied Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014)(*en banc*)(internal quotation marks omitted).

These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir., December 17, 2009)(quoting *Six Clinics Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is the likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002)("[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008)(rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction")(emphasis in original). "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

The plaintiff bears the burden of demonstrating her entitlement to a preliminary injunction, and her burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be

3

granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002).

What Dowell seeks by her motion is not maintenance of the status quo pending trial. Instead, she asks the Court for an Order "to enjoin Marlene Kelley from having direct, unsupervised verbal or written contact with the Plaintiff, in order to mitigate the irreparable emotional injury cause by the Defendant." Docket No. 12, p. 4. Dowell's motion thus falls into the category of "particularly disfavored" requests for injunctive relief and is subject to the Court's high scrutiny. *Schrier v. University of Colorado*, 427 F. 3d at 1253, 1259 (10th Cir. 2005).

Plaintiff has failed to provide any analysis related to the four factors the Court must consider. While Plaintiff has pointed to numerous instances she alleged constitute discriminatory and harassing treatment, Plaintiff's pleadings alone are not sufficient to demonstrate a likelihood of success on the merits at this juncture. The Plaintiff has likewise failed to plead with any specificity, much less by clear and convincing evidence, actual irreparable harm or the existence of actual threat of such injury. Further, Plaintiff's harm from the denial of an injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 578 (6th Cir. 2002). While the information presented by Plaintiff offers general descriptions of the conditions she alleges, she does not offer evidence that suggests she will suffer specific, immediate and irreparable harm if she does not obtain injunctive relief.

While neither party argues the element of harm to others and the public, Plaintiff seeks a form of relief that would prevent her supervisor from having any contact with her. No doubt, the public has an interest in the efficient operation of a government workplace. Preventing a supervisor

from speaking with an employee would not promote the public interest and Dowell has not made enough showing to overcome that interest at this stage of the litigation.

The four factors the Court must consider in determining whether to order injunctive relief all weigh against granting Dowell's Motion. As a result, the undersigned recommends that Dowell's Motion for Restraining Order (Docket No. 12) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                       **JEFFERY S. FRENSLEY**
                                       **United States Magistrate Judge**