## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEBBIE DOWELL,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-105** |
| | ) | **Judge Richardson /Frensley** |
| **DAVID BERNHARDT, Acting Director** | ) | |
| **Department of The Interior, et al.** | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the pro se Plaintiff's Motion for Judgment on the Pleadings. Docket No. 39. Defendants have filed a response in opposition to the motion. Docket No. 45. For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings be DENIED. Docket No. 39.

## BACKGROUND

Plaintiff filed this action on January 30, 2019. Docket No. 1. The Parties have engaged in some preliminary motion practice regarding the proper parties to this action. The pro se Plaintiff has also filed several motions for default judgment. Docket Nos. 29, 30, 31, 37, 47. In addition to the motions for default, Plaintiff has filed the instant motion for judgment on the pleadings. Docket No. 39.

Plaintiff's motion is essentially a motion for default under another name. Plaintiff argues that the Defendant has failed to answer or file another responsive pleading to the Complaint and there is no legal or factual dispute between the Parties and Plaintiff is entitled to judgment as a matter of law. She argues that because Defendant has not answered the Complaint, all of the allegations in her Complaint should be taken as true and she should therefore be entitled to  the

relief requested therein. *Id.*

The Defendants have responded in opposition to the Plaintiff's motion denying her allegation that they have failed to answer or otherwise pled in the case. Docket No. 45. In addition to the early litigation regarding proper parties, Defendants point to the denial of Plaintiff's motion for default indicating that "Defendant clearly has evidenced an intent to defend against this action." *Id.* citing Docket No. 43. They further point out that because their partial motion and memorandum to dismiss Plaintiff's Complaint remains pending, the Defendant continues to actively defend the case and Plaintiff's motion should be DENIED.

## ANALYSIS

Fed. R. Civ. P. 12(c) states:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...

Judgment on the pleadings should be granted if the movant is entitled to judgment as a matter of law. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal citations omitted). When evaluating a Motion for Judgment on the Pleadings, the Court may consider all of the pleadings and any attachments to them. *See* Fed. R. Civ. P. 10(c). The Court is required to construe the facts in the light most favorable to the nonmoving party and must accept the nonmovant's allegations as true. *Wallin v. Norman*, 317 F.3d 558, 561 (6th Cir. 2003), *citing Lavado*, 992 F.2d at 605 (internal citations omitted). Despite the Court's responsibility to liberally construe the facts in favor of the nonmoving party, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to

accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

As noted above, Plaintiff's motion is effectively yet another motion for default under a different name. Plaintiff's basis for her motion is the same as is articulated in her various motions for default; that the Defendants have not answered the Complaint in this case and therefore she is entitled to judgment. Plaintiff's contention in this regard is simply incorrect and not supported by the record. Defendants have done nothing to indicate that they have no interest in defending this lawsuit. In fact, the contrary is true. They have filed multiple motions including the currently pending Motion to Partially Dismiss Plaintiff's Complaint. Docket No. 35. Because the Defendants have properly responded to the Complaint as allowed by the Federal Rules of Civil Procedure and the Court has yet to address the partial motion to dismiss, judgment on the pleadings under Fed. R. Civ. P. 12(c) is inappropriate and the undersigned recommends that Plaintiff's Motion for Judgement on the Pleadings. (Docket No. 39) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

3