IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBBIE L. DOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00105 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| DAVID BERNHARDT, Acting Secretary, | ) |
| U.S. Department of the Interior, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 55), to which Plaintiff has filed Objections (Doc. No. 63), Defendant has filed a Response to Objections (Doc. No. 65), and Plaintiff has filed a Reply (Doc. No. 66). The Magistrate Judge recommended that Defendant's Partial Motion to Dismiss (Doc. No. 35) be granted and that Plaintiff's claims based on events that allegedly occurred before October 24, 2017 and after June 26, 2018 be dismissed as untimely.

Also pending before the Court is Plaintiff's Motion for Reconsideration (Doc. No. 59), which the Court construes as a Motion for Review under Fed. R. Civ. P. 72(a).[1] Therein, Plaintiff asks the Court to overrule the Magistrate Judge's Order denying as moot (in light of his recommendation that Defendant's Partial Motion to Dismiss be granted) Plaintiff's Motion to Strike Defendant's Partial Motion to Dismiss. Defendant has filed a Response. (Doc. No. 62).

---

[1] The fact that Plaintiff's Motion for Reconsideration asks the Court to remove Magistrate Judge Frensley from the case indicates to the Court that Plaintiff is seeking a ruling from the District Judge rather than 'reconsideration" by the (same) Magistrate Judge..

## FACTS

Plaintiff is an employee of the U.S. Department of the Interior, Bureau of Indian Affairs, in Nashville, Tennessee. Plaintiff's *pro se* Complaint in this action alleges that Defendant[2] subjected her to retaliation, discrimination, a hostile work environment, and intentional infliction of emotional distress in violation of Title VII and the Americans with Disabilities Act ("ADA"). (Doc. No. 1).[3] An email attached to Plaintiff's Complaint indicates that on December 8, 2017, Plaintiff requested mediation with an Equal Employment Opportunity ("EEO") counselor concerning alleged harassment and retaliation. (Doc. No. 1-3 at 5). Plaintiff states in her Complaint that she filed a formal charge with the EEO counselor on February 22, 2018. (*Id*. at 5). She also claims to have received her Notice of Right to Sue letter from the EEO on May 18, 2018 (*id*.), but the document she attached to her Complaint and identified as a Notice of Right to Sue letter is not a Notice of Right to Sue letter; rather, it is a "Revised Acceptance Letter" that vacates and revises the agency's prior acceptance letter[4] with regard to Plaintiff's first complaint to the EEO office. In other words, the letter attached to the Complaint (Doc. 1-1) is notice to Plaintiff of which allegations the EEO accepted to investigate, not a notice to Plaintiff of the results of that investigation.

---

[2] As used herein, the "Defendant" is not limited to the nominal Defendant, the Acting Secretary of the Department of the Interior in his official capacity; it also encompasses relevant employees of the U.S. Department of the Interior, Bureau of Indian Affairs, who worked with Plaintiff.

[3] For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] An acceptance letter notifies the complainant of the claims that have been accepted by the EEO for investigation. *See, e.g.,* Doc. No. 36-2.

The Complaint here in federal court was filed on January 30, 2019. (Doc. No. 1). Since Plaintiff's filing of the Complaint, the parties have submitted additional documents that are mentioned in or related to allegations of the Complaint. For example, the Final Agency Decision on Plaintiff's first EEO complaint, dated March 14, 2019, is filed at Doc. No. 36-1. A Partial Acceptance letter (Doc. No. 36-2) indicates Plaintiff's second EEO complaint was filed on October 25, 2018.[5]

Defendant moved to dismiss certain of Plaintiff's claims as either untimely or not administratively exhausted. (Doc. No. 35). The Magistrate Judge recommended that Defendant's motion (Doc. No 55) be granted. The Magistrate Judge also denied, as moot, Plaintiff's Motion to Strike Defendant's motion. (Doc. No. 56).

## **STANDARDS OF REVIEW**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*.

Pursuant to Fed. R. Civ. P. 72(a), upon review of a Magistrate Judge's Order on a non-dispositive matter, the Court may modify or set aside any part of that Order that is clearly erroneous or is contrary to law. 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cty Retirement Sys. v. Community Health Sys., Inc.,* No. 3:11-cv-00433, 2019 WL

---

[5] Plaintiff's first complaint with the EEO was designated as DOI-BIA-18-0150, and her second complaint with the EEO was designated as DOI-BIA-18-544.

3003647, at * 1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp't Opportunity Comm'n v. Burlington Northern & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). A finding of fact is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *JSC MCC EuroChem v. Chauhan*, 3:17-mc-00005, 2018 WL 3872197, at * 2 (M.D. Tenn. Aug. 15, 2018). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id*. "The Court is not empowered to reverse the magistrate judge's finding [on a non-dispositive matter] simply because the Court would have decided the issue differently." *Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014).

**REPORT AND RECOMMENDATION**

In accordance with Rule 72(b)(3), the Court has reviewed *de novo* the portions of the Report and Recommendation to which Plaintiff objected. In her Responses 1 and 4 and also on pages 4-7 of her Objections, Plaintiff contends that, contrary to the Magistrate Judge's finding that Plaintiff first contacted an Equal Employment Opportunity ("EEO") counselor with her complaints on December 8, 2017, she actually first contacted the EEO counselor around February 10, 2016. (Doc. No. 63).

Plaintiff's participation in the EEO process in February 2016, however, was in reference to the complaint of a co-employee, not herself. Plaintiff signed a statement in connection with the investigation of an EEO complaint of Roger Markos, a co-worker. (Doc. No. 40 at 10-13). Roger Markos was the complainant, and *he* (not Plaintiff) could have filed an appeal or civil action based on the agency final action on his complaint. 42 U.S.C. § 20003-16(a) and (c); 29 C.F.R. § 1614.407. Plaintiff could not have appealed from Mr. Markos' EEO proceeding. A federal

4

employee who alleges that she has been a victim of discrimination must exhaust *her* administrative remedies (not someone else's). *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). Plaintiff's first contact with the EEO counselor about *her own* complaints and to initiate action *on her own behalf* was in December 2017. (Doc. No. 36-1 at 3). Thus, Plaintiff has not shown that the first statement of the Magistrate Judge with which she takes issue should be rejected.

In Response 2, Plaintiff disagrees with the Magistrate Judge's statement that the only claims of Plaintiff that were accepted by the agency (the U.S. Department of the Interior) for investigation in connection with her complaint designated DOI-BIA-18-0150 were those that allegedly occurred on November 3, 2017; December 7, 2017; January 10, 2018; and April 25, 2018. (Doc. No. 63 at 1). Again citing her participation as a *witness* in Mr. Markos's EEO proceeding, Plaintiff argues that the information she gave in connection with Markos' proceeding in February 2016 was investigated by the EEO and designated as DOI-BIA-18-0150. Plaintiff is focused on the date (February 2016) of her alleged "protected activity"—her reporting related to Markos's complaint. But the relevant dates for timing purposes under Title VII are the dates of the alleged retaliatory or discriminatory conduct; that is, the dates of the *adverse employment actions*, not the dates of the alleged protected activity. "An aggrieved person must initiate contact with a Counselor within 45 days *of the date of the matter alleged to be discriminatory*." 29 C.F.R. § 1614.105(a)(1) (emphasis added).

The Final Agency Decision issued concerning Plaintiff's complaint designated DOI-BIA-18-0150 specifically states that the agency investigated whether Plaintiff was subjected to discrimination or retaliation on any or all of four particular occasions, the same ones referenced by the Magistrate Judge: (1) November 3, 2017; (2) December 7, 2017; (3) January 10, 2018; and (4) April 25, 2018. (Doc. No. 36-1 at 2-3). The Decision does not mention any alleged adverse

5

employment actions, discrimination, or retaliation *against Plaintiff* that occurred in 2016. (*Id.*) Thus, the Magistrate Judge, not Plaintiff, has focused on the relevant dates. Therefore, the Court finds that the statement of the Magistrate Judge challenged by Plaintiff in Response 2 (Doc. No. 63 at 2) is not incorrect and should not be rejected.

Plaintiff also objects, in Response 3, to the Magistrate Judge's statement that the claims in her second formal complaint (DOI-BIA-18-0544) were accepted only partially; specifically, that the EEO accepted only her claims spanning August 10, 2018, through October 24, 2018.[6] The EEO's letter of February 15, 2019, however, is titled "Partial Acceptance" and clearly indicates that only certain of Plaintiff's claims were accepted for investigation (*see* Doc. No. 36-2 at 2-4). The "Partial Acceptance Letter" accepts 14 specific claims that allegedly occurred after June 26, 2018, but dismisses the first one (one that allegedly occurred on December 7, 2017). (*Id*. at 4). The Magistrate Judge's statement is correct. The Court cannot conclude that this statement of the Magistrate Judge should be rejected.

Plaintiff objects, in Response 5, to the Magistrate Judge's statement that Plaintiff's administrative remedies with regard to BIA-18-0544 (her second complaint) have not been exhausted and that therefore the claims in her second complaint (based on events after June 26, 2018) are premature. As stated above, a federal employee who alleges that she has been a victim of discrimination must exhaust her administrative remedies. *Dixon*, 392 F.3d at 217. Similarly, a plaintiff seeking to bring employment discrimination claims under the ADA must first exhaust administrative remedies, and failure to properly exhaust is an appropriate basis for dismissal under Rule 12(b)(6). *Jones v. Natural Essentials, Inc.*, 740 F. App'x 489, 492 (6th Cir. 2018); *Parry v.*

---

[6] The Magistrate Judge also stated that, as of the filing of this action, no final Agency Decision had been issued with regard to BIA-18-0544. Plaintiff has not objected to this statement.

*Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir. 2000) (employee may not file suit under ADA if she does not possess a right-to-sue letter from the EEOC, because she has not exhausted remedies).

A Title VII claimant may bring suit in federal court only if she has first filed a timely complaint with the EEOC and obtained a right-to-sue letter. *Arroyo-Horne v. City of New York*, 16-CV-03857, 2018 WL 4259866, at * 7 (E.D. N.Y. Sept. 5, 2018).[7] Exhaustion of administrative remedies is a *precondition* to bringing a Title VII claim in federal court. *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). Exhaustion is required to give federal agencies an opportunity to handle matters internally whenever possible. *Noisette v. Geithner*, 693 F. Supp. 2d 60, 68 (D. D.C. 2010). Thus, the portion of Plaintiff's civil action concerning her second EEO complaint (based on claims occurring after June 26, 2018) was essentially filed too *early*. She had not fulfilled a pre-condition, the receipt of a final agency action or the passage of 180 days since her EEO complaint was filed, before filing a civil action on her second EEO complaint.

Plaintiff's second EEO complaint was filed on October 25, 2018. (*See* Doc. No. 36-2). Federal regulations require that a complainant file a civil action within 90 days of receipt of the final agency action or 180 days from the date of filing the EEO complaint, if no final action has yet been taken. 29 C.F.R. § 1614.407. The Court cannot find in the record any notice of final agency action or a right-to-sue letter from the EEO to Plaintiff concerning her second complaint, DOI-BIA-18-0544. As noted above, the agency issued a partial acceptance letter concerning Plaintiff's second complaint on February 15, 2019, accepting claims involving 14 alleged

---

[7] A complainant may also file a civil action if 180 days have passed since the filing of her EEO complaint, without any final action from the EEO. 29 C.F.R. § 1614.407.

discriminatory or retaliatory actions (Doc. No. 36-2), but there is no evidence before the Court of a notice of right to sue letter or final agency decision as to Plaintiff's second complaint (DOI-BIA-18-544).[8]

Plaintiff asserts that her "Notice of Right to Sue" letter, which she allegedly received on May 18, 2018, is attached to her Complaint as Exhibit A. (Doc. No. 1 at 5). As noted above, the document attached to the Complaint as Exhibit A and dated May 18, 2018, is not a Notice-of-Right-to-Sue letter or final agency decision[9]. (Doc. No. 1-1). Having received no final agency decision as to her second complaint, Plaintiff has not exhausted her administrative remedies as to that complaint (DOI-BIA-18-544). Plaintiff filed this action on January 30, 2019, before either a Notice-of-Right-to-Sue Letter was issued or 180 days had passed since the date of filing her EEO complaint. Therefore, the challenged statement of the Magistrate Judge is not incorrect and will not be rejected.

Finally, in her objections, Plaintiff repeats a portion of her Motion for Reconsideration by contending that Defendant's Partial Motion to Dismiss (the subject of the Report and

---

[8] Defendant refers to certain emails filed as Doc. No. 44-2, in which Plaintiff allegedly stated, "I would like to drop my EEO complaint" and then confirmed that fact with Defendant's EEO counselor. *See* Doc. No. 44 at 2. The Court need not decide at this point, however, whether or not those emails can be considered in connection with Plaintiff's Objections, as the Court need not rely upon those emails. Whether or not Plaintiff attempted to drop her second EEO complaint, there is no Final Agency Decision on that complaint.

[9] If this document *were* a final agency decision or right-to-sue letter, as Plaintiff contends, then her civil action in this matter was filed too *late*, more than 180 days having passed between May 18, 2018 and January 30, 2019.

Recommendation) was prohibited under the Federal Rules of Civil Procedure. This argument will be addressed below, with regard to the Motion for Reconsideration.[10]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the portions of the Report and Recommendation to which Plaintiff objected, the Objections, the Response, and the Reply. For the reasons stated herein, the Objections of the Plaintiff are overruled.

## MOTION FOR RECONSIDERATION

Plaintiff asks the Court to overturn the Magistrate Judge's Order (Docket No. 56) in which he denied as moot Plaintiff's Motion to Strike Defendant's Partial Motion to Dismiss. Plaintiff also asks the Court to remove Magistrate Judge Frensley from this case for unjust bias and misconduct. (Doc. No. 59). As explained above, the Court will treat this motion as a Motion for Review of the Magistrate Judge's Order, not as a Rule 60 Motion for relief from a Final Judgment or Order. A ruling on a Motion to Strike is not a final judgment or order, so Fed. R. Civ. P. 60 is inapplicable.

Plaintiff contends that Defendant is prohibited from filing a second motion to dismiss under Fed. R. Civ. P. 12(g)(2), which provides: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." In response,

---

[10] In Reply to Defendant's Response to Plaintiff's Objections, Plaintiff further asserts that Defendant deceptively refers to its Second Motion to Dismiss as a Partial Motion to Dismiss "as though his first Motion to Dismiss has not already been denied." (Doc. No. 66 at 1). The document at issue in the Report and Recommendation *is* titled "Partial Motion to Dismiss" (Doc. No. 35) because it does not seek to dismiss all of Plaintiff's claims. Nor has Defendant implied anything one way or the other about whether the prior motion to dismiss was denied, so there is no deception.

Defendant points out that under Fed. R. Civ. P. 12(h)(2), the defense of failure to state a claim upon which relief may be granted may be raised in any of three ways: (1) in any pleading allowed or ordered under Rule 7(a); (2) by a motion under Rule 12(c) for judgment on the pleadings; or (3) at trial. Defendant asserts that its current (second) motion to dismiss is permissible because, according to Defendant, it is a "pleading" allowed under Rule 7(a). Defendant's Partial Motion to Dismiss, however, is not such a "pleading."

Rule 7 provides that only the following pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). That list does not include a motion to dismiss and therefore, a motion to dismiss is not a pleading. *Christian v. Ducatt*, No. 2:13-cv-13931, 2015 WL 1322297, at * 5, n. 10 (E.D. Mich. March 24, 2015) (motion to dismiss filed prior to answer is not a pleading); *see also Winget v. JPMorgan Chase Bank, N.A.*, 537 F.3d 565, 574 (6th Cir. 2008) (motion to dismiss not considered a responsive pleading); *CX Reinsurance Co. Lmt. v. Johnson*, 325 F.R.D. 132, 135 (D. Md. 2018) (motion for summary judgment not a pleading). If a failure-to-state-a-claim defense under Rule 12(b)(6) is not asserted in the first motion to dismiss under Rule 12, then Rule 12(h)(2) tells us that it can be raised later, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial. *In re Apple Iphone Antitrust Litigation*, 846 F.3d 313, 318 (9th Cir. 2017). Defendant's Partial Motion to Dismiss does not fit into any of these categories.

Plaintiff therefore is correct. Defendant may not file a second motion to dismiss asserting failure to state a claim because a motion to dismiss is not a pleading. *Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993); *In re Bear Stearns Cos., Securities, Derivative and ERISA*

*Litigation*, 763 F. Supp. 2d 423, 581 (S.D. N.Y. 2011). Litigators tend to refer to almost any filing in court as a "pleading." But the scope of litigation materials that actually fall within the category of "pleadings" is extremely limited. *See, e.g., Christian*, 2015 WL 1322297, at * 5; *Granger v. Gill Abstract Corp.* 566 F. Supp. 2d 323, 335 (S.D. N.Y. 2008) (motions, declarations and affidavits are not pleadings) (cited in *Bear Stearns* at 581). It simply does not include Defendant's second Motion to Dismiss.

But this reality is a double-edged sword for Plaintiff. Precisely because Defendant's motion is not a pleading, Plaintiff's motion to strike it is also inappropriate. Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike matters from a *pleading*, but Defendant's Partial Motion to Dismiss is not a pleading. A motion to strike a motion is therefore not proper under Rule 12(f). *Bond v. ATSI/Jacksonville Job Corps Center*, 811 F. Supp. 2d 417, 421 (D. D.C. 2011). "According to the language of Rule 12(f), motions to strike apply only to pleadings and not to motions." *Milk Drivers v. Roberts Dairy*, 219 F.R.D. 151, 152 (S.D. Iowa 2003).[11] For this reason (and given the lack of any other rule authorizing a motion to strike a motion), a motion to strike may not be used to strike another motion. *See Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681, 690 (Fed. Cl. 2006).

The Court, however, may strike improvident filings based on its inherent authority to manage its own docket. *Sultaana v. Jerman*, Case No. 1:15-cv-382, 2019 WL 6343475, at * 5 (N.D. Ohio Nov. 27, 2019); *American Civil Liberties Union of Ky v. McCreary Cty, Ky,* 607 F.3d

---

[11] The substantive arguments made in a motion to strike may be considered as an opposition. *Bond*, 811 F. Supp. 2d at 421; *Fisherman's Harvest,* 74 Fed. Cl. at 690. The court may construe the motion to strike as a supplemental response to the motion at issue. *See Sharpe v. MCI Telecomm. Corp.*, 19 F. Supp. 2d 483, 487 (E.D. N.C. 1998), *cited in Fisherman's Harvest*, 74 Fed. Cl. at 690.

439, 451 (6th Cir. 2010) (based on its power to manage its own docket, court had ample discretion to strike defendant's late-renewed motion for summary judgment). The Court has inherent authority to strike any filed paper which it determines to be abusive *or otherwise improper* under the circumstances. *Bear Stearns,* 763 F. Supp. 2d at 581. Defendant's Partial Motion to Dismiss is improper for the reasons set forth above, and it will be stricken.

The Court finds absolutely no reason to remove the Magistrate Judge from this case, and Plaintiff's request for this relief has no merit.

## **CONCLUSION**

As set forth above, Plaintiff's Objections to the Report and Recommendation (Doc. No. 63) will be overruled. Plaintiff's Motion for Reconsideration (Doc. No. 59) will be denied. Because Plaintiff's Motion to Strike (Doc. No. 53) is not cognizable, the Order (Doc. No. 56) of the Magistrate Judge denying the Motion to Strike will be affirmed, albeit not on the grounds of mootness invoked by the Magistrate Judge but rather for the reasons set forth above. Because Defendant's Partial Motion to Dismiss (Doc. No. 35) is improper under Fed. R. Civ. P. 12(h)(2), the Court, based on its inherent authority and discretion, will strike it. Because the Report and Recommendation analyzed Defendant's Partial Motion to Dismiss, which under Rule 12(g)(2) was not cognizable, the Report and Recommendation (Doc. No. 55) will be set aside,[12] and the case will be referred back to the Magistrate Judge for further proceedings.

The Magistrate Judge will not be removed from this case.

---

[12] Nothing herein is intended to indicate that the Court has formed the belief that the Magistrate Judge's substantive analysis of Defendant's Partial motion to dismiss was erroneous.

An appropriate order will be entered.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE