# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DEBBIE L. DOWELL, )<br>    Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>DAVID BERNHARDT, Acting Secretary, )<br>U.S. Department of the Interior, et al., )<br>    Defendants. ) | Civil Action No. 3:19-cv-00105<br>Judge Richardson / Frensley |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is the Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law and Statement of Undisputed Material Facts. Docket No. 64. The Defendants have filed a Response in opposition to the Plaintiff's motion (Docket No. 78) and Response to Plaintiff's Statement of Undisputed Material Facts (Docket No. 79). For the reasons stated herein, the undersigned recommends that the Plaintiff's Motion be DENIED.

### II. PROCEDURAL HISTORY

This is an employment discrimination action brought by the pro se Plaintiff alleging discrimination in the terms and conditions of her employment, based upon her race, disability and in retaliation for her participation in protected activities. Docket No. 1. The parties have engaged in a substantial amount of preliminary motion practice regarding the proper parties in this action. The pro se Plaintiff has filed several motions for default judgment. Docket Nos. 29, 30, 31, 37, 39 and 47. The Defendants have filed motions to dismiss certain parties and claims. Docket Nos. 14, 35. Due to the protracted preliminary motion practice, the court has yet to enter

a scheduling order in this case. However, due to the extensive administrative record some discovery has already been conducted in this case, albeit in another forum.

Now pending before the Court is the Plaintiff's Motion for Summary Judgment. Docket No. 64. Included in the single docket entry is an incorporated memorandum of law and statement of undisputed material facts. *Id.* The Defendants have filed a response in opposition to the motion. Docket No. 78. Defendants have also filed a response to the statement of undisputed material facts. Docket No. 79. The Plaintiff has filed a reply to the response. Docket No. 80.

### III. RELEVANT FACTS[1]

Plaintiff filed this pro se action pursuant to 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 12112 et seq., The Americans With Disabilities Act ("ADA"), and "5 U.S.C. § 2302 Prohibited Personnel Practices," alleging that Defendants, beginning in February 2016 and continuing through the filing of her Complaint, failed to accommodate her disability, subjected her to unequal terms and conditions of her employment, retaliated against her, created a hostile work environment, and intentionally inflicted emotional distress upon her. Docket No. 1, pp. 4, 5. Specifically, Plaintiff avers:

> Plaintiff, Debbie L. Dowell, Highway Engineer, GS-0810-12, BIA, Eastern Region, Transportation Department, Nashville, TN was subjected to retaliation, discrimination, hostile work environment and intentional infliction of emotional and physical harm by Marlene Kelley, Regional Supervisory Highway Engineer, and other Regional officials, based on hearing and perceived disability, participation in the EEO process as a witness in two (2) separate formal complaints naming Marlene Kelley, by David Campbell and Roger Markos, and subsequently engaging in her own protected activity, in the following incidents:
>
> 1. Defendant used the Employee Performance Appraisal Plan (EPAP) to alter Plaintiff's job responsibilities
>
> 2. Defendant used the Employee Performance Appraisal Plan (EPAP) to

---
[1] As discussed in more detail below, the facts are not in a form required by Fed. R. Civ. P. 56 and are disputed.

        document a lower performance rating than what Plaintiff had rightfully earned

3.     Defendant fostered and maintained an abusive, Hostile Work Environment for employees with EEO activity

4.     Defendant disregarded Plaintiff's approved hearing disability accommodation, which was in place to allow Plaintiff to continue to provide technical assistance via email in lieu of monthly teleconference calls.

5.     On December 7, 2017, Supervisor, Marlene Kelley, added 28 contracts to Plaintiff's current workload, but spared Plaintiff's colleague(s) whom had no prior protected activity

6.     Marlene Kelley submitted false allegations in support of her proposal to suspend Plaintiff from her position, resulting in a 7-calendar day suspension without pay for Plaintiff

*Id.* at 5.

Plaintiff avers that she filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about February 22, 2018, and received her Notice of Right to Sue Letter from them on May 18, 2018. *Id.* Plaintiff filed the instant action on January 30, 2019. *See* Docket No. 1, *passim*. Attached to her Complaint, Plaintiff has submitted a copy of her EEOC Right to Sue Letter dated May 18, 2018; an email dated February 4, 2016; an email dated December 7, 2017; an email dated March 2, 2016; and one exhibit containing 151 pages of "various emails." Docket Nos. 1-1, 1-2, 1-3, 1-4, and 1-5. Plaintiff seeks:

- In-grade salary increase to GS-12, step 10, for the additional, retaliatory assignment to Katrina Jones' former position, retroactive from December 7, 2017

- Make Plaintiff whole by immediately removing assignment to Katrina Jones' former clients and contracts, and enjoining Defendant from assigning Plaintiff to more than 24 simultaneous contracts at any given time

- Compensatory damages for distress stemming from retaliation, disability discrimination, defamation, and emotional abuse from the Defendant

3

- Order Agency to permanently allow Plaintiff to work within the limits set forth in the reasonable disability accommodation, which was approved by the Agency on March 7, 2016

- Raise Plaintiff's overall score on the 2017 EPAP from the retaliatory rating of "3" Fully Successful, to the minimally earned rating of "4" "Superior"

- Payment for lost wages stemming from the retaliatory suspension, plus interest

- Telework Permanently, two times per week, to mitigate Plaintiff's exposure to Defendant's abuse

- Remove supervisory authority, and demote Marlene Kelley to the GS-12 grade, for intentionally engaging in prohibited personnel practices

Docket No. 1, p. 6.

Plaintiff additionally seeks:

> Plaintiff requests that the court direct the Defendant to immediately remove the retaliatory workload that Defendant assigned to Plaintiff on December 7, 2017 and enjoin the Defendant from assigning Plaintiff to more than 24 contracts at any given time. Plaintiff also requests that the court direct the Defendant to immediately acknowledge Plaintiff's approved hearing disability accommodation, which allows Plaintiff to provide technical assistance via email in lieu of monthly teleconference calls, and allow Plaintiff to telework two (2) days per week in order to mitigate the severe emotional and physical trauma that Defendant is forcing Plaintiff to endure. Due to Defendant's pattern of abuse, Plaintiff suffers from loss of pay, loss of sleep, migraines, loss of enjoyment of life at work, severe emotional distress, traumatic injury, and constant fear of losing her job and life, due to outrageous and extreme conduct by the Defendant.

*Id.* at 7.

## IV. LAW AND ANALYSIS

### A. Local Rules 7.01(A) (2), 7.03(A) and 56.01(B)

Local Rule 7.01(a)(2) states, in pertinent part:

> **(2) Motion and Supporting Memorandum** . . . every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or other exhibits in support thereof. No memorandum shall exceed twenty-five (25) pages without leave of

Court.

Local Rule 7.03(a) states, in pertinent part:

> (a) **Form**. All material, except quoted material, must be double spaced.

Local Rule 56.01(b) states, in pertinent part:

> (b) **Statement of Undisputed Material Facts**. In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. The . . . requirement that a statement of undisputed material facts in the described format must accompany any motion for summary judgment applies to pro se parties.

### B. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F. 2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F. 3d 533, 537-38 (6th Cir. 1999).

**C.     Title VII Civil Rights Act Of 1964**

**1.     Generally**

Title VII of the Civil Rights Act of 1964 protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

It shall be an unlawful employment practice for an employer–

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

A plaintiff may establish a claim of discrimination under Title VII either by introducing

direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then prove that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.*, 280 F. 3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

    **2.**    **Race Discrimination.**

A prima facie claim of race discrimination under Title VII requires a plaintiff to establish

the following:

> 1. He or she is a member of a protected class;
>
> 2. He or she was qualified for the job and performed it satisfactorily;
>
> 3. Despite his or her qualifications and performance, he or she suffered an adverse employment action;[2] and
>
> 4. He or she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside the protected class.

*Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000). *See also Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000). (Footnote added.)

### 3. Americans with Disabilities Act

The Americans with Disabilities Act ("ADA") protects employees from discrimination based on their disabilities. In order to prevail on a claim of unlawful employment discrimination under the ADA, a plaintiff must demonstrate that:

> 1. she is, or was perceived as, an individual with a disability;
>
> 2. she is otherwise qualified to perform the job requirements either:
>
>     (a) with or without a reasonable accommodation from the employer, or
>     (b) with an alleged "essential" job requirement eliminated; and
>
> 3. she suffered an adverse employment action "because of" her disability.

*Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1178 (6th Cir. 1996). *See also* 42 U.S.C. §§ 12111 and 12112.

### 4. Retaliation

An employer may not retaliate against an employee because she has opposed an unlawful employment practice, or because she has made a charge, testified, assisted, or participated in any

---

[2]An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion

manner in an investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a). A prima facie case of retaliation requires a plaintiff to demonstrate that:

1. He or she engaged in a protected activity;
2. Defendant knew that Plaintiff was exercising protected rights;
3. Plaintiff suffered an adverse employment action or was subjected to severe or pervasive retaliatory harassment by a supervisor; and
4. There was a causal connection between the protected activity and the adverse employment action or harassment.

*Little v. BP Exploration and Oil Co.,* 265 F.3d 357, 363 (6th Cir. 2001); *Morris v. Oldham Co. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

Retaliation claims are evaluated under the *McDonnell Douglas-Burdine* tripartite test discussed above. *EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 862 (6th Cir. 1997).

### D. The Case at Bar

The pro se Plaintiff moves for summary judgment on all claims alleged in the Complaint asserting that there are no issues of material fact in dispute. Docket No. 64. In support of her motion, the Plaintiff has filed an incorporated memorandum of law and statement of undisputed material facts. *Id.* In addition to the substantive claims for which Plaintiff contends summary judgment is appropriate, she also argues she is entitled to summary judgment based on the Defendants' failure to timely answer the Complaint. *Id.* pp. 18-19.

In response, the Defendants argue that the Plaintiff's motion fails to meet procedural requirements of the Local Rules of Court and therefore should not be considered. Docket No. 78, pp. 1-2. They further argue Plaintiff's claims alleging conduct between February 2016 and October 23, 2017 and after June 26, 2018 are untimely or premature and thus summary judgment is inappropriate. *Id.* pp. 11-13. With respect to her race discrimination claims, they argue that she has failed to allege she experienced harassment based upon her race and otherwise establish the

---

evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits.

9

elements of a prima facie case of race discrimination. *Id.* at p. 13. They argue many of her claims of disability discrimination are untimely, based upon conclusory statements and are otherwise unsupported by the record. *Id.* The Defendants argue that Plaintiff's claims for retaliation lack evidence to support her assertions and rely on nothing more than conclusory statements. *Id.* at pp. 14-15. With respect to all of Plaintiff's claims, Defendants argue that even if she established a prima facie case of discrimination or retaliation, Plaintiff cannot establish a causal connection between her alleged protected activity and the alleged adverse actions. *Id.* at pp. 15-16.

Plaintiff replies that her submissions comply with the requirements of Local Rule 56.01(b) in that each fact is set forth in a form required by the rule and supported by a specific citation to the record. Docket No. 80, p. 2. Though presumably conceding that her pleadings violate the spacing requirements of the Local Rules, she contends that "Defendant has no evidence to support that double spacing would have extended the Motion past the 25-page limit." *Id.* at p. 4. Further, she contends, "[m]ost importantly, the Court is not interested in mere spacing disputes." *Id.* Instead, she asserts the Court should consider the matter on the merits. *Id.* Finally, Plaintiff replies that Defendants objections to her claims on the basis of timeliness fail in that they were presented to the Court in the Defendants' second motion to dismiss and were stricken. *Id.* at p. 3. She cites, without authority, that her claims are timely and that she has exhausted her administrative remedies. *Id.* at p. 3.

### 1. Form of Pleadings

The Court is mindful that the Plaintiff is proceeding pro se and that a "pro se pleading must be construed liberally and 'held to less stringent standards than formal pleadings drafted by

---

*See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

lawyers.'" *Felts v. Cleveland Housing Authority*, 821 F. Supp. 2d 968, 970 (E. D. Tenn. 2011) (*quoting Erickson v. Pardus*. 551 U. S. 89, 94 (2007)) (other citations omitted). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

The Plaintiff's submission does not comply with the requirements of the Local Rules as to the form of pleadings. Plaintiff submitted her Motion, Memorandum of Law and Statement of Undisputed Facts in a single document contrary the requirements of Local Rules 7.01 and 56.01. Further, despite being prepared on a word processor, the pleadings were submitted in single space format contrary to the requirements of Local Rule 7.03(a).

While the Court expects all litigants, including pro se litigants to comply with the requirements of the Local Rules of Court and Federal Rules of Civil Procedure, including the technical requirements as to the form of pleadings, this is not a basis to refuse to consider the merits of the Plaintiff's arguments. The Court does not expect - and will not require - Plaintiff, who is proceeding pro se, to strictly comply with form requirements, so long as they do not violate traditional notations of fair play and substantial justice – just as the Court will hold harmless non-willful violations of Local Rule form requirements by Defendants who are represented by counsel. *See e. g. Phillips v. Girdich,* 408 F. 3d 124, 125 (2nd Cir. 2005)("although [F. R. C. P. 10(b)] contains important guidelines for the form of pleadings in federal court we hold that harmless violations of [F. R. C. P. 10(b)] should be excused so that claims may be resolved on their merits."); Federal Rules of Civil Procedure 83(a)(2)("a local rule

imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a non-willful failure to comply.")

Here, the Court cannot determine that the Plaintiff's violation of the form requirements of the local rules is willful. Therefore, the Court will consider the Plaintiff's arguments. However, the form requirements of the Local Rules are not merely surplusage. They serve an important function. Specifically, they allow the Court and the Parties to address the merits of claims by making it easier to review the pleadings based upon the format in which they are submitted. The burdens imposed by the form requirements of the Local Rules apply equally to pro se litigants. Therefore, the Plaintiff is specifically instructed that future pleadings filed in this Court should comply with requirements of the Local Rules with regard to form and failure to do so may result in the pleadings being stricken, to be refiled in compliance with the Rules.

2. **Rule 56(c)(2)**

The Defendants however make another and more substantial challenge to the Plaintiff's submission for summary judgment in this case. Specifically, they argue that "[m]any of Plaintiff's attached exhibits are irrelevant and/or objectionable documents that cannot be presented in a form that would be admissible in evidence." Docket No. 78, p. 2. The Court further notes that a substantial number of the Plaintiff's alleged statements of material fact not in dispute reference, as supporting citations, pleadings filed in the case; namely, the Plaintiff's Complaint. See Docket No. 64, pp. 21-28. Finally, the Court notes that the Plaintiff provides limited citations to the record for arguments made in her memorandum of law. *Id.* at pp. 1-20. In response to the Defendants' argument, the Plaintiff notes in her reply that she has "provided specific citations and associated evidence with each statement of fact" and that "each fact is support by specific citation to the record." Docket No. 80, pp. 2-3.

Rule 56(c)(2) provides that a party may, in connection with a motion for summary judgment, object "that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." When such an objection is made, "[t]he burden is on the proponent to show that the material is admissible as presented, or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2), advisory committee note. *See also, Mangum v. Repp*, 674 Fed. Appx. 531, 536-7 (6th Cir 2017). Rule 56 further provides that "[t]he court need consider only" the material cited in the parties' briefs. Fed. R. Civ. P. 56(c)(3); *see also Street v. J. C Bradford and Co.*, 886 F. 2d 1472, 1479-80 (6th Cir. 1989)("the trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.")(*citing Frito-Lay, Inc. v. Willoughby*, 863 F. 2d 1029-1034 (D. C. Cir. 1988)).

The Plaintiff's statement of material facts not in dispute numbers over 8 pages of single-spaced allegations totaling 93 items. Docket No. 64, pp 21-29. Many of the statements are nothing more than opinions, beliefs and speculation. *Id.* They are in some instances neither concise or material to the claims asserted. *Id.* The Plaintiff's memorandum suffers from the same defects. Plaintiff's response that she has included specific citations to the record does not cure the defects in her pleadings.

The Defendants have filed a response to the Plaintiff's statement of undisputed material facts. Docket No. 79. As required by the Local Rules, the Defendant has responded to each of the 93 items included in the Plaintiff's statement of undisputed material facts. *Id.* By the Court's count, the Defendants admitted only 4 of the 93 items alleged to be undisputed. *Id.* The Defendants further note their objections that the Plaintiff's statements do not comply with Local Rule 56.01(b) by failing to provide or inaccurately providing specific citations or constitute conclusory statements by the Plaintiff. *Id.* As noted above, a significant number of the Plaintiff's

statements of undisputed fact include a citation to her unverified complaint.

With respect to the citations to her complaint, Rule 56(c) requires a part to "go beyond the pleadings" and identify admissible evidence of the essential elements of her claim. *See Celotex Corp. v. Catrett.* 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed 265 (1986). It is well settled that pleadings are not evidence. *See e.g. Globe Refining Co. v. Landa Cotton Oil Co.,* 190 U. S. 540, 546, 23 S. Ct. 754, 756, 47 L. Ed 1171 (1903)(pleadings are not evidence); *Shreve v. Franklin County, Ohio,* 743 F. 3d 126, 136 (6th Cir. 2014)(pleadings are not admissible evidence). Plaintiff's Complaint does not satisfy this standard for the simple reason that pleadings are not evidence. Compare Fed. R. Civ. P. 8 (defining pleadings) with Fed. R. Evid. 401 (defining relevant evidence).

To be clear, Plaintiff has referenced other documents apart from the Complaint in her Motion for Summary Judgment and Statement of Undisputed Material Facts. However, apart from indicating that she has cited to the record, she has failed to address Defendants' objections under Fed. R. Civ. P. 56(c)(2) that her exhibits are irrelevant and or objectionable documents that cannot be in a form that would be admissible in evidence. No doubt, somewhere within her filings are actual, admissible materials that may support her positions but, it is not the Court's duty to sift through those filings to determine what they may be. *See Emerson v. Novartis Pharm. Corp.*, 446 F. Appx. 733, 736 (6th Cir. 2011)(noting that while "there may have been evidence in the record . . . to create a material question of fact . . . it was not the district court's duty to track down those facts."). Nevertheless, the Court has reviewed the filings including the Plaintiff's statement of undisputed material facts and will address the Plaintiff's motion accordingly.

### 3. **Discrimination and Retaliation Claims**

Plaintiff asserts that she is entitled to summary judgment on her claims of race discrimination, disability discrimination and retaliation. Docket No. 64. Specifically, Plaintiff asserts that she has established each of the elements entitling her to summary judgment as follows:

(1) Plaintiff is a member of a statutorily protected class (Black);

There is no genuine dispute that Plaintiff is Black (D.E. 1), thus Plaintiff has established that she is a member of the statutorily protected class of Black people.

(1.1) Plaintiff is a member of a statutorily protected class (Prior protected activity);

There is no genuine dispute that Plaintiff engaged in EEO activity around February 4, 2016 (D.E. 1 Page ID #7), when she served as a witness in two separate formal EEO investigations brought against then supervisor, Marlene Kelley, and ultimately contacted an EEO counselor with her own claims of harassment and retaliation around March 24, 2017.

(1.2) Plaintiff is a member of a statutorily protected class (disabled individual within the meaning of the Rehabilitation Act) (D.E. 1 Page ID #3);

The first fact required to bring a prima facie case regarding a disability within the meaning of the Rehabilitation Act is to show that:

a) Plaintiff had a disability (D.E. 1 Page ID #3).

Plaintiff has worked as a Civil Engineer with the Federal government since 2004, and began experiencing hearing loss around 2008, due to working alongside loud, heavy equipment over the years. Plaintiff has found that the hearing loss makes it difficult for her to hear and decipher telephonic conversations, especially in a teleconference setting when there are multiple people speaking over each other. As a Civil Engineer however, bi-weekly and monthly teleconferences are not an essential function of the position, therefore the issue of Plaintiff's hearing loss never came up until after the unilateral, adverse altering of Plaintiff's job responsibilities by Marlene Kelley.

b) Plaintiff had a history of disability (D.E. 1 Page ID #4)

After Marlene thwarted Plaintiff's due process rights by adversely altering Plaintiff's job responsibilities (i.e. unnecessarily creating a requirement for Plaintiff to begin conducting biweekly and monthly teleconferences with defendant's clients), thus changing the nature of Plaintiff's Highway Engineering

position to that of a secretarial nature, Plaintiff asked to be excluded from the demand, due to her hearing disability which made it difficult for Plaintiff to hear and decipher telephonic conversations, especially in a teleconference setting when there are multiple people speaking over each other. Marlene then initiated the "interactive process" as outlined in 373 DM section 15.10 (A) Acting on Reasonable Accommodation Requests (Ex. H excerpt), and within 10 business days as required "in instances where no medical documentation is required," approved a disability accommodation allowing Plaintiff to continue to provide technical assistance via email in lieu of the newly demanded bi-weekly and monthly teleconference calls, due to Plaintiff's hearing disability.

c) Plaintiff was perceived by the employer as having a disability.

On March 7, 2016, Marlene prepared a document which established that Plaintiff would be exempt from Marlene's new discriminatory, unilateral change to Plaintiff's job responsibilities. Specifically, the document read in Marlene's own handwriting, "In lieu of bi-weekly and monthly teleconference calls, [Plaintiff] will use email contract reviews to fulfill technical assistance documentation. (footnote omitted) MK 3/7/16" (Ex. B), demonstrating that Plaintiff had a disability, had a history of disability, and was perceived by the employer as having a disability.

(2) she was subjected to harassment in the form of unwelcome verbal or physical conduct involving the protected class;

From 2016 to 2019, Agency managers discriminated, retaliated and sexually abused Plaintiff for having engaged in protected activity. Evidence supports that for several years, Plaintiff reported the Agency's unlawful activity in this regard (D.E. 1 Ex. A). Each time the Agency either ignored Plaintiff's claims, or deceptively declared that there was no misconduct involved on the Agency's part. Docket Entry 1 Exhibit A includes over 100 pages describing the consistent false accusations against Plaintiff, defamation, unbearable emotional abuse, unequal working conditions, and so on. In September 2018, defendant brought a disgusting man, Franco Yazzie, into the office to sexually and physically abuse Plaintiff, with the malicious intent that Plaintiff would quit her job. Plaintiff reported the unwanted contact to the Regional Director, Bruce Maytubby, but he did nothing to make it stop, affirming that Franco Yazzie was brought into the office specifically for the purpose of forcing Plaintiff out of her position.

(3) the harassment complained of was based on the statutorily protected class;

As described in the over 100 pages of evidence attached as Docket Entry 1 Exhibit A, Plaintiff endured harassment that employees who had not engaged in protected activity and those who did not have a hearing disability, were not required to endure (D.E. 1 Ex. A). In addition, defendant disregarded Plaintiff's approved disability accommodation dated March 7, 2016, thereby establishing

disability discrimination.

(4) the harassment affected a term or condition of employment and/or creating an intimidating, hostile, or offensive work environment;

Plaintiff was given lowered performance ratings in retaliation for her protected activity (D.E. 1, Page ID# 4), which precluded her from consideration for performance awards (i.e loss of pay). Plaintiff was assigned to more than double the workload of her co-worker(s) in retaliation for her protected activity and was falsely accused, verbally and emotionally abused, suspended, placed on a PIP and ultimately fired as a result of the increased workload. Those who had not engaged in protected activity were not subject to the same treatment or adverse actions.

(5) there is a basis for imputing liability to the employer. *Gibson v. Dept. of Homeland Security,* EEOC Appeal No. 0720060079 (December 8, 2008), citing *Humphrey v. USPS*, EEOC No. 01965238 (October 16, 1998).

Despite reporting Marlene and Eric Wilcox's unlawful activity and abuse over the years (D.E. 1), defendant Agency allowed it to continue, allowed several adverse actions to arise from it, and ultimately allowed Plaintiff to be fired in retaliation for it. Thus defendant is liable.

Docket No. 64, pp. 7-9.

As can be seen, Plaintiff's argument consists almost exclusively of conclusory statements without citations to any evidence supporting the contention. Where there are citations, those citations are generally to the Plaintiff's Complaint (Docket No. 1) which, as noted above, is not evidence supporting Plaintiff's contentions. Most importantly, Plaintiff's conclusion on the ultimate issues of discrimination and retaliation are universally her own conclusory statements. As noted above, virtually each of the Plaintiff's alleged statements of undisputed material fact are disputed by the Defendants. Docket No. 79. As a result, and based upon the Court's findings above, the Plaintiff has failed to cite material facts in a form that would be admissible in evidence; thus, the undersigned must find that there are issues of material fact in dispute with respect to the Plaintiff's claims.

### 4. Timeliness of Claims

With respect to those claims regarding allegations that took place between February 2016 and October 23, 2017 and after June 26, 2018, the undersigned finds that there are material facts in dispute which preclude granting the Plaintiff summary judgment. As the Defendants note, the administrative requirements set forth in the federal regulations require that claims be exhausted prior to being pursued in federal court. Docket No. 78, pp. 11-12. While the Plaintiff responds that she has exhausted her claims, she has failed to present admissible evidence supporting this conclusion. Instead, Plaintiff relies upon the fact the Defendants' motion to dismiss her untimely claims was denied by the Court and stricken. Docket No. 70. While the Defendants' motion to dismiss certain of the Plaintiff's claims on the grounds of timeliness was stricken for procedural matters, the Court did not address the substantive issues raised in that motion regarding the timeliness of Plaintiff's claims. Docket No. 69, p. 12. Thus, Plaintiff's contention that Defendants have no defense to Plaintiff's claims is an overstatement. At a minimum, whether Plaintiff's claims are timely and entitle her to relief is disputed. Therefore, with respect to these claims, summary judgment would be inappropriate.

### 5. Alleged Failure to Answer

Plaintiff's final argument in support of her motion for summary judgment is equally unavailing. Plaintiff contends that she is entitled to summary judgment based on the Defendants failure to plead. Docket No. 64, pp. 18-19. She argues that Defendants failure to answer the Complaint constitutes a default and entitles her to judgment. *Id.*

As noted above, the Plaintiff has moved for default on at least six (6) prior occasion. Docket Nos. 29, 30, 31, 37, 39 and 47. These motions have all been denied. The Defendants have in fact filed an Answer to the Complaint. Docket No. 81. There is currently pending a Motion to Strike the Answer filed by the Plaintiff. Docket No. 83. Because the Court will

address these issues by separate orders, summary judgment is inappropriate, and the Plaintiff has failed to cite any authority supporting her contention that summary judgment is inappropriate on these grounds. Docket No. 64, pp 18-19.

## CONCLUSION

Wherefore for the reasons set forth herein, the undersigned recommends that the Plaintiff's motion for summary judgment (Docket No. 64) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**