IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEBBIE L. DOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:19-cv-00105 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| DAVID BERNHARDT, Acting Director, | ) | |
| Department of the Interior, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 94) and Objections filed by Plaintiff ("the Objections"). (Docket No. 99). The Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment (Doc. No. 64) be denied.

## STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a Report and Recommendation, and Local Rule 72.02(a) provides that "Such objections must be

written, must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made."[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 64) is **DENIED**.

## BACKGROUND

For purposes of this discussion, it is important to be clear about the allegations of Plaintiff's Complaint; *i.e.*, the basis for this lawsuit. Plaintiff alleges employment discrimination by Defendant for failure to accommodate her disability, unequal terms and conditions of her employment, retaliation and infliction of emotional distress. (Doc. No. 1 at 4). She moved for summary judgment, arguing that Defendant's "proffered reasons for disparate treatment of the Plaintiff are merely pretexts for unlawful discrimination and retaliation." (Doc. No. 64 at 20).

Yet nothing in Plaintiff's Objections to the Report and Recommendation ("R&R") (except for one objection concerning the definition of "adverse employment action") relates to anything about the merits, or lack thereof, of Plaintiff's employment discrimination claims.[2] Plaintiff does not respond directly to the factual and legal conclusions upon which the Magistrate Judge's recommendation is based.

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Plaintiff has filed no such accompanying documentation.

[2] The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018).

Rather, Plaintiff's Objections repeat arguments she has previously made with regard to other motions and continue Plaintiff's diatribe of unfounded complaints about Magistrate Judge Frensley personally, the undersigned, and the Court in general. Plaintiff's accusations of racism and incompetence are offensive and baseless. Her disagreement with the rulings of the Court do not make those rulings racist or incompetent, and her disparaging comments do nothing to support her employment discrimination claims. Plaintiff is entitled to her opinion. But she is not entitled to have any weight given to her opinion where, as here, it is the product of mere ignorance, spite, frustration, and cynicism.

Nonetheless, the Court will address each of Plaintiff's 19 Objections in turn.

**OBJECTIONS**

OBJECTION 1 – Plaintiff objects to the following sentence in the R&R: "This Court will hold harmless non-willful violations of Local Rule form requirements by Defendants who are represented by counsel. *See e.g. Phillips v. Girdich*, 408 F. 3d 124, 125 (2d Cir. 2005)."[3] Plaintiff uses this quote from the R&R to reargue her claim that Defendant's response to her motion for summary judgment was not timely filed, an argument that has been addressed previously by the Court and to which this portion of the R&R has no relation.

Indeed, the quoted sentence from the R&R comes in a section wherein the Magistrate Judge agrees to consider the merits of *Plaintiff's* arguments despite Plaintiff's failure to comply with the Local Rules of this Court in filing her motion for summary judgment. Plaintiff submitted her Motion, Memorandum of Law, and Statement of Undisputed Facts in a single, 30-page, single-spaced document, in violation of the requirements of Local Rules 7.01, 7.03, and 56.01. It is

---

[3] Plaintiff omits the parenthetical after this citation, which explains that such harmless violations of form requirements should be excused so that claims may be resolved on their merits. (Doc. No. 94 at 11).

*Plaintiff* who was given leniency by the Magistrate Judge in relation to the form requirements of the Local Rules.

Further, this objection has nothing to do with the merits of Plaintiff's motion for summary judgment or the Magistrate Judge's recommendation with regard thereto. The objection is overruled.

OBJECTION 2 – Plaintiff objects to Magistrate Judge Frensley's statement that "Due to the protracted preliminary motion practice, the court has yet to enter a scheduling order in this case. However, due to the extensive administrative record some discovery has already been conducted in this case, albeit in another forum."

Beginning with calling Magistrate Judge Frensley a "blatant liar," Plaintiff argues there has been no discovery conducted in this case. The R&R does not substantively indicate otherwise, clearly stating that some discovery was conducted but only "in another forum." And Plaintiff makes no connection between this objection and the merits of her claims. Nothing about the lack of a scheduling order demonstrates that Plaintiff is entitled to summary judgment. And it is Plaintiff's employment discrimination claims that are at issue on summary judgment, not the scheduling order.

This objection has nothing to do with the Magistrate Judge's recommendation and is overruled.

OBJECTION 3 – Plaintiff objects to the following sentence from footnote 1 of the R&R: "[T]he facts are not in a form required by Fed. R. Civ. P. 56 and are disputed."

Plaintiff completely misconstrues this statement of the R&R. She argues that Magistrate Judge Frensley is using the fact that she single-spaced her documents to excuse Defendant's alleged failure to respond to the motion for summary judgment. Nothing about the statement

implies any such attempt to excuse anything Defendant did or did not do. Moreover, it is *true* that Plaintiff's statement of undisputed facts was not filed in a form required by the Federal and Local Rules,[4] and it is likewise *true* that the majority of her asserted facts are disputed. And, despite Defendant's arguments that Plaintiff's motion should not even be considered (Doc. No. 78 at 1-2), the Magistrate Judge did not reject Plaintiff's summary judgment filing for failure to comply with the form requirements; in other words, he "forgave" Plaintiff's failure to follow the Local Rules, even though he cautioned that "[t]he burdens imposed by the form requirements of the Local Rules apply equally to pro se litigants" and specifically instructed Plaintiff to comply with those rules in the future. (Doc. No. 94 at 12).

This objection is overruled.

OBJECTION 4 – Plaintiff next objects to the Magistrate Judge's statement of the Rule 56 summary judgment standard, which is an accurate statement of the law. Nothing about Plaintiff's objection changes that standard. This objection is overruled.

OBJECTION 5 – Plaintiff objects to another statement in the R&R concerning the summary judgment standard, which again is an accurate statement of the law. Nothing about Plaintiff's objection changes that standard. Again, the objection is overruled.

OBJECTION 6 – Plaintiff objects to the Magistrate Judge's definition of an "adverse employment action," found in footnote 2 of the R&R. In so doing, Plaintiff merely *adds to* that definition with an additional case cite; this maneuver does nothing to show any error by the Magistrate Judge. And even if the Court were to accept this objection, Plaintiff has not shown how,

---

[4] Local Rule 56.01 provides that a moving party's statement of undisputed material facts must be "separate" from the motion and supported by specific citations to the record. Local Rule 7.01 provides that every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law, and Local Rule 7.03 provides that all pleadings, motions, briefs and other papers filed must be double-spaced.

under her additions to the definition, she would be entitled to summary judgment or the outcome of the R&R would otherwise be erroneous.

Indeed, Plaintiff does not even attempt to show how this objection would change the result. This objection is overruled.

OBJECTION 7 – Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's summary judgment submission does not comply with the requirements of the Local Rules as to the form of pleadings. As explained above, the Magistrate Judge did not let Plaintiff's non-compliance stop him from reviewing her motion for summary judgment on the merits; indeed, he did not require Plaintiff to strictly comply with the form requirements. But as if to show that no good deed goes unpunished, Plaintiff now upbraids the Magistrate Judge for this. The Court will not countenance this approach.

Plaintiff again misconstrues the R&R and asserts that her failure to comply with the Local Rules caused the Magistrate Judge to "excuse" Defendant's failure to respond to Plaintiff's motion for summary judgment in compliance with Local Rule 56.01. The R&R makes no such excusal, let alone connect such excusal with the conclusion objected to here. Plaintiff is attempting to use the Local Rules as a sword against Defendant while failing to comply with them herself. And Plaintiff has failed to show that anything about the conclusion objected to here—regarding her own failure to comply with the Local Rules—affected the outcome of her motion for summary judgment.

This objection is overruled.

OBJECTION 8 – This objection is repetitive of Plaintiff's Objection 1, and it again misconstrues the language of the R&R as somehow supporting an "exemption" for Defendant's alleged violation of Local Rule 56.01. Again, no such meaning is reasonably found in the R&R's

statement that Plaintiff challenges here. Moreover, contrary to Plaintiff's bluster, there is no basis for concluding that denial of Plaintiff's motion for summary judgment would "demonstrate throughout the globe that the local court rules of the Middle District of Tennessee Court can be disregarded by any litigant who suspects that the opposing litigant has failed to follow a local rule."

This objection is overruled.

OBJECTION 9 – Plaintiff objects to the following statements from the R&R: "The Defendants however make another and more substantial challenge to the Plaintiff's submission for summary judgment in this case. Specifically, they argue that '[m]any of Plaintiff's attached exhibits are irrelevant and/or objectionable documents that cannot be presented in a form that would be admissible in evidence.'"

Plaintiff contends that Defendant "made a blanket statement in this regard, and failed to identify which of the alleged 'many' exhibits are irrelevant and/or objectionable." That statement is not true. Defendant made such identification when it stated the following in its response in opposition to Plaintiff's motion for summary judgment: "Defendant objects to Exhibits A, B, and P, as they are outside the time allowed; Exhibits C, D, F, and K, as they are irrelevant; and Exhibits E, H, N, and O, as they are incomplete." (Doc. No. 78 at 2). Plaintiff argues that she cannot know which exhibits are being referred to since Defendant has not responded to her individual statements of fact in compliance with Local Rule 56.01. Even if Defendant had failed to respond to the statements of fact as Plaintiff contends (which the Court does not find), the argument here relates to the exhibits filed with Plaintiff's motion for summary judgment (Doc. No. 64, Exhibits A through Q),[5] not Plaintiff's statements of fact. As noted above, Defendant *did* identify, in its

---

[5] The Court notes that these exhibits (Doc. Nos. 64-1 through 64-17), are not identified or described on the docket as anything other than Exhibits A through Q.

response in opposition to Plaintiff's motion for summary judgment, the exhibits to which it objected for the reasons indicated in Defendant's response.

On a motion for summary judgment, a party may object that the supporting materials specified by its opponent "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Upon such an objection, the proponent of the supporting material must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018); *Mangum v. Repp*, 674 F. App'x 531, 536-37 (6th Cir. 2017) (citing Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment). Thus, as the proponent of the exhibits attached to her motion, Plaintiff had the burden, upon Defendant's objection, to show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. Nothing about Defendant's alleged failures with regard to the statement of facts changes the burden Plaintiff bore in this regard—and has failed to meet.

This objection is overruled.

OBJECTION 10 – Plaintiff objects to the following statement in the R&R: "The Court further notes that a substantial number of the Plaintiff's alleged statements of material fact not in dispute reference, as supporting citations, pleadings filed in the case; namely, the Plaintiff's Complaint. *See* Docket No. 64, pp. 21-28."

Plaintiff argues that the only documentation she had available for reference was the evidence filed with her Complaint because Defendant disregarded a court order and failed to file its Answer. Again, Plaintiff misses the point.

A party asserting that a fact cannot be disputed—i.e., a party seeking summary judgment—must support the factual assertion by citing to materials in the record, including, but not limited to,

depositions, documents, affidavits or declarations. Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c) of the Federal Rules of Civil Procedure requires a party to "go beyond the pleadings" and identify admissible evidence of the essential elements of his claim. *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). Plaintiff's Complaint is not evidence. The Complaint is allegations of fact, not proof or evidence of facts. Pleadings are not evidence. *Id.*; *compare* Fed. R. Civ. P. 7 (defining pleadings) *with* Fed. R. Evid. 401 (defining relevant evidence).

Therefore, Plaintiff's citations simply to Docket No. 1 are insufficient, as they are citations to allegations, not evidence. The Magistrate Judge was right to call attention to this. This objection is overruled.

OBJECTION 11 – Plaintiff objects to the following statements in the R&R: "the Court notes that the Plaintiff provides limited citations to the record for arguments made in her memorandum of law" and "Plaintiff notes in her reply that she has 'provided specific citations and associated evidence with each statement of fact' and that 'each fact is supported by specific citation to the record.'" Plaintiff's objection is that she followed the local rule exactly as written, and then she states: "In the case where the Court believes that a citation is specific enough to their satisfaction, the Court is required to consider the information provided for purposes of ruling on the motion."

The Court does not understand the objection. Clearly, Plaintiff did not follow the Local Rules exactly. The second sentence of her objection includes no citation to authority or explanation of how it applies, or what difference its application makes, here. This objection is overruled.

OBJECTION 12 – This objection is the same as Plaintiff's Objection 9 and is overruled for the same reasons.

OBJECTION 13 – Plaintiff objects here to the R&R's assertions that her statement of material facts not in dispute numbers more than 8 pages of single-spaced allegations totaling 93 items and that many of the statements are nothing more than opinions, beliefs and speculation. She objects also to the statements that "[t]hey are in some instances neither concise or material to the claims asserted" and "[t]he Plaintiff's memorandum suffers from the same defects."

Plaintiff argues that Magistrate Judge Frensley failed to consider the statements that were *not* opinions, beliefs or speculation and denied the entire motion based upon finding that one or more statements were opinions, beliefs and speculation. In her objection, she cites to specific statements of fact that she alleges are supported by exhibits and asserts that Defendant has not responded to these facts. But Defendant *did* respond to all such statements of alleged facts and disputed all of them except No. 93 (Doc. No 79). And again, Plaintiff has not shown the Court why these particular statements, even assuming they were all adequately supported and undisputed, would change the ultimate result on her motion for summary judgment.

The Court has reviewed the statements of fact Plaintiff has identified and Defendant's responses thereto. In this objection, Plaintiff completely ignores the fact that Defendant challenged the ability of many of her exhibits to be presented in a form that would be admissible in evidence, triggering a burden for Plaintiff to show that they *could* be presented in an admissible form—a burden she still has not met. As for exhibits cited by Plaintiff and left unchallenged by Defendant, Plaintiff has not shown that they (or the facts they allegedly support), even if admitted, affect the ultimate recommendation in the R&R.

This objection is overruled.

OBJECTION 14 – Plaintiff objects to the Magistrate Judge's statement that "Plaintiff's response that she has included specific citations to the record does not cure the defects in her

pleadings." She claims that a motion for summary judgment is not a pleading (with a snarky remark about Judge Frensley's needing to review Fed. R. Civ. P. 7). This point is fair enough insofar as a motion for summary judgment, or a brief in support of a motion for summary judgment, is not a "pleading" within the meaning of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 7(a).

Nevertheless, the point is irrelevant because the Magistrate Judge was allowed to do what he apparently did here: use the term "pleading," in a context where it did not matter whether a filing qualified as a "pleading" within the meaning of the Federal Rules of Civil Procedure, to refer to parties' filings going beyond filings that would qualify as "pleadings" under the Federal Rules. Experience shows that this happens not infrequently without causing any consternation to anyone where there is no legal or practical significance to calling a filing a "pleading" even if it is not a "pleading" within the meaning of the Federal Rules. *See F.T.C. v. Capital City Mortg. Corp.*, 186 F.R.D. 245, 247 (D. D.C. 1999) (noting that "litigators and judges commonly use the term 'pleading' as shorthand to refer to any papers filed with the Clerk of the Court," even though Rule 7(a) defines the term more narrowly.) There was no legal import to the Magistrate Judge choosing to use the word "pleading" here to refer to Plaintiff's filings made in connection with her motion for summary judgment, and thus no error in his doing so.

The statement objected to here merely indicates that simply asserting that one has included specific citations to the record does not make it so. Plaintiff simply denied Defendant's assertion that she had failed to provide specific citations, and the Magistrate Judge found that her denial, without more, was insufficient to show no genuine issue of material fact as to the employment discrimination issues. Nothing about the Magistrate Judge's statement here was improper, and his use of the term "pleadings" did not affect his ultimate recommendation.

This objection is overruled.

OBJECTION 15 – Plaintiff objects to the R&R's statement that Defendant has filed a response to Plaintiff's statements of undisputed material facts and, as required by the Local Rules, has responded to each of the 93 statements, and has admitted only 4 of the 93. She contends that the Magistrate Judge is "attempting to reward Defendant for violating LR 56.01(c) in order to unjustly prejudice the Plaintiff."

Defendant had indeed responded to each of the 93 statements of undisputed facts alleged by Plaintiff. (Doc. No. 79). Again, Plaintiff argues that Defendant's response to her statement of undisputed facts fails to comply with Local Rule 56.01(c), asserting that Defendant improperly provided a "catch-all" denial of the 93 statements. The Court does not understand to what "catch-all" denial Plaintiff refers. Defendant responded to each of the 93 items separately, as required by the Local Rules. Moreover, Plaintiff argues that Defendant has the burden of demonstrating that the alleged fact is undisputed. That is not Defendant's burden; that is Plaintiff's (as the party moving for summary judgment) burden.

Plaintiff's additional outrageous and offensive comments in this objection about the Magistrate Judge personally are, as indicated above, both uncalled for and unfounded. Plaintiff's allegations against the Magistrate Judge are wholly conclusory, unsupported by anything resembling a fact. This comes as no surprise because the allegations are completely and utterly bogus. As this is the United States of America, she can *think* what she likes. But as this is United States District Court, she cannot automatically *include in a filing* whatever she likes. On the contrary, she must exclude any content that would not comply with Federal Rule of Civil Procedure 11(b), lest she be subject to the sanctions of Rule 11(c). Plaintiff is hereby placed on notice that the Court will hold her to the requirements of Rule 11(b), and that she violates them at her peril.

This objection is overruled.

OBJECTION 16 –  Plaintiff objects to the following language from the R&R: "The Defendants (sic) further note their (sic) objections that the Plaintiff's statements do not comply with Local Rule 56.01(b) by failing to provide or inaccurately providing specific citations or constitute conclusory statements by the Plaintiff." This statement is a true statement of what Defendant argued. Plaintiff also objects to this sentence: "As noted above, a significant number of the Plaintiff's statements of undisputed fact include a citation to her unverified complaint." This also is a true statement.

This objection essentially repeats the arguments of Objection 10 and is overruled in that regard for the same reason.

OBJECTION 17 – This objection is also the same as Objection 10 and is overruled for the same reason. Plaintiff argues that Rule 56 does not require those moving for summary judgment to "go beyond the pleadings," but the cases cited by the Magistrate Judge and by the undersigned with regard to Objection 10 *do* establish that requirement. Plaintiff asserts that she has referenced documents filed "within her Complaint," an assertion the Court fails to understand. Once again, Plaintiff repeats her arguments concerning the timing of the filing of Defendant's Answer and accuses the undersigned of manipulating material facts in order to provide a "leg-up" for the Defendant; she likewise accuses the undersigned of "deceiv[ing]," "purposely prejudic[ing]" Plaintiff, and committing "judicial misconduct." The Court can assure Plaintiff that it did *not* do any such thing, and her accusations have no basis in fact. Plaintiff's motion to strike Defendant's answer, which repeats arguments previously made, will be dealt with in due course.

This objection is overruled.

OBJECTION 18 -  This objection is essentially the same as Objection 9 and is overruled for the same reason. Moreover, Plaintiff argues that Defendant's responses to her statement of

undisputed facts were not in compliance with the Local Rule, but the language from the R&R to which she objects has to do with her *exhibits*, not her statement of undisputed facts. The objection is overruled.

OBJECTION 19 – Plaintiff objects to the Magistrate Judge's statement that it is not the Court's duty to sift through Plaintiff's filings to determine whether there is actual, admissible evidence to support her claims. Again, this is a true statement, and that accurately expresses the law.

Plaintiff contends that this statement applies to Defendant, not to her. And yet, it is clearly *Plaintiff's* burden to support her motion for summary judgment with evidence as to each of her claims sufficient to remove all genuine issue issues of material fact. This she has not done. This objection is overruled.

## CONCLUSION

For these reasons, Plaintiff's Objections are overruled, the Report and Recommendation is adopted and approved, and Plaintiff's Motion for Summary Judgment is **DENIED**.

Plaintiff's objections have no merit because they reflect a fundamental misunderstanding of the Federal Rules of Civil Procedure; fail to show how sustaining those objections would change the outcome of the R & R (the ultimate recommendation) and indeed relate to matters that do not affect the outcome; and focus on procedural issues, not the substantive issues of Plaintiff's claims. Plaintiff never mentions the elements of her employment discrimination claims or the facts supporting those claims. Indeed, she does not object to any of the language of the R&R in the Magistrate Judge's substantive ruling, pages 15-19. Plaintiff's objections instead focus on the complaints she has with the judges in this case, the procedures being followed (not inappropriately) herein, and the requirements of the Federal and Local Rules.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE